# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ESTATE MARGO MUSAYELOVA,      :
by and through its Personal Representative  :
 JASMIN RZAYEVA, et al.,        :
         Plaintiffs,       :
                     :
      -vs-           :     Civil No.  3:06cv881 (PCD)
                     :
GAYLE KATAJA, et al.        :
        Defendants.      :

## RULING ON MOTION FOR RECONSIDERATION

Pursuant to D. Conn. L. R. Civ. P. 7(c), Plaintiffs move for reconsideration of the Court's July 19, 2006 Order [Doc. No. 10] in which this Court dismissed Plaintiffs' Complaint for failure to state a claim upon which relief may be granted.  For the reasons stated herein, Plaintiff's Motion for Reconsideration [Doc. No. 83] is **granted**; however, the prior Ruling is **affirmed**.

## I.      BACKGROUND

Plaintiffs Jasmin Rzayeva, as personal representative for Margot Musayelova (Rzayeva's mother and the decedent in this case), and Svetlana Bagdasaryan (decedent's daughter) ("Plaintiffs") filed a Complaint [Doc. No. 4] on June 6, 2006.  On June 7, 2006, United States Magistrate Judge Thomas E. Smith granted Plaintiffs' motion to proceed in forma pauperis, and he explained in his order that the Complaint was vulnerable to sua sponte dismissal on the grounds of, among other things, subject matter jurisdiction, standing, and failure to state a cause of action.  [See Doc. No. 3.]  On June 19, 2006, this Court dismissed the Complaint for failure to state a claim upon which relief may be granted.  [Doc. No. 10.]  Plaintiffs now move for reconsideration of the Court's order dismissing the Complaint.

## II.      STANDARD OF REVIEW

Reconsideration will generally only be granted when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again"). Reconsideration should therefore be granted when a "party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). This Court will not grant a motion to reconsider "where the moving party seeks solely to relitigate an issue already decided," to "plug gaps in an original argument or to argue in the alternative once a decision has been made." <u>Id.</u> <u>See also Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc.</u>, 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (citations omitted). Ultimately, however, the question is a discretionary one and the court is not limited in its ability to reconsider its own decisions prior to final judgment. <u>See Virgin Atl.</u>, 956 F.2d at 1255.

## III.   DISCUSSION

Plaintiffs asserted in their lengthy complaint that Defendants have committed offenses in violation of numerous federal criminal statutes, including: 18 U.S.C. § 241 (conspiracy to oppress anyone in the "free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States"); 18 U.S.C. § 371 (prohibiting conspiracy to commit offense against or to defraud the United States); 18 U.S.C. § 1111 (murder); 18 U.S.C. § 1117 (conspiracy to murder); 18 U.S.C. § 1343 (fraud by wire, radio, or television); 18 U.S.C. § 1347 (health care fraud); 18 U.S.C. § 3771 (crime victims' rights). Plaintiffs' prayer for relief asked

the Court to sentence Defendants for their alleged violation of these statutes and to award

Plaintiffs $20,000,000.00 for their alleged murder of Plaintiffs' mother.

The Court concluded in its prior order that it lacks jurisdiction over these claims.

Plaintiffs allege that the Court has jurisdiction pursuant to 18 U.S.C. § 4 (misprison of felony), §

3231 (granting district courts original jurisdiction of all federal offenses), § 3232 (district of

offense), and § 3236 (jurisdiction and venue in murder cases).  Plaintiffs' reliance upon these

statutes is misplaced.  Of those listed, only Section 3231 relates to the Court's jurisdiction over

Plaintiffs' claims, and it merely bestows upon federal district courts a broad grant of jurisdiction

over criminal matters.  It does not create a private cause of action for alleged violations of any

federal criminal statute, and it does not grant the Court jurisdiction to hear Plaintiffs' claims.

Furthermore, Plaintiffs appear to be seeking criminal prosecution of the Defendants in

this Court by way of their civil complaint.  However, private citizens do not have the power to

instigate prosecutions of alleged crimes, and doing so is clearly beyond the province of the Court.

The Fifth Amendment precludes the prosecution of any person unless on a presentment or

indictment of a Grand Jury.  U.S. CONST. amend. V.  The decision to investigate or prosecute a

person for an alleged violation of a criminal statute is left to the discretion of the federal law

enforcement agencies, including the United States Attorney's Offices, United States v.

Armstrong, 517 U.S. 456, 464 (1996), and such authorities owe no duty to private citizens to

prosecute any and every person against whom a complaint is made.  Tosado v. Klein, Civ. Nos.

B-90-082(WWE), B-90-502(WWE), 1991 WL 218547, at *3 (D. Conn. Aug. 20, 1991).  Federal

courts traditionally refrain from overturning, at the insistence of a private person, the

discretionary decisions of federal prosecuting authorities not to prosecute persons, Inmates of

<u>Attica Corr. Facility v. Rockefeller</u>, 477 F.2d 375, 379-80 (2d Cir. 1973), and the Court lacks power to compel the prosecuting authorities to proceed over their objection.  <u>Fields v. Soloff</u>, 920 F.2d 1114, 1118 (2d Cir. 1990).  Plaintiffs therefore failed to state a claim upon which relief may be granted, and the Court dismissed their complaint accordingly.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii) (in any proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines that...  the action or appeal ... fails to state a claim upon which relief may be granted.").

Upon reconsideration, the Court remains convinced that Plaintiffs have failed to establish the Court's jurisdiction and have failed to state a claim upon which relief can be granted.  As such, it affirms its prior ruling.

**IV.    CONCLUSION**

For the reasons stated herein, Plaintiffs' Motion for Reconsideration [Doc. No. 12] is **granted**.  The Court examined the merits of Plaintiffs' claims and the prior ruling is **affirmed**.


SO ORDERED.

Dated at New Haven, Connecticut, November  6 , 2006.


_____
                                    /s/
                    Peter C. Dorsey, U.S. District Judge
                    United States District Court

-4-